**NO SUMMONS ISSUED**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

ROISY YOSSEF on behalf of herself and
all other similarly situated consumers,

        Plaintiff,

    -against-

BAKER, SANDERS, BARSHAY, GROSSMAN,
FASS, MUHLSTOCK & NEUWIRTH, L.L.C. AND
PRIDE ACQUISITIONS, LLC

        Defendants.

---

CV 12-3558

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ JUL 17 2012 ★

BROOKLYN OFFICE

TOWNES, J.

GOLD, M.J.

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff Roisy Yossef seeks redress for the illegal practices of Baker, Sanders, Barshay, Grossman, Fass, Muhlstock & Neuwirth, LLC and Pride Acquisitions, LLC in which they unlawfully engaged in the collection of consumer debts in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

4. The alleged debt that Defendant sought to collect from the Plaintiff involves a consumer debt.

-1-

5. Upon information and belief, Defendant, Baker, Sanders, Barshay, Grossman, Fass, Muhlstock & Neuwirth, LLC's principal place of business is located within Garden City, New York.

6. Upon information and belief, Defendant, Pride Aquisitions, LLC's principal place of business is located within Delaware, Colorado.

7. Defendants are regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

8. Defendants are "debt collectors" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

9. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, within this district.

### *Allegations Particular to Roisy Yossef*

11. Upon information and belief, on a date better known by Defendants, Defendants began to attempt to collect an alleged consumer debt from the Plaintiff.

12. Within the one year immediately preceding this action, the Defendant Baker, Sanders, Barshay, Grossman, Fass, Muhlstock & Neuwirth, LLC left many messages on the Plaintiff's answering machine.

13. The callers failed to identify themselves as debt collectors attempting to collect a debt.

14. Upon information and belief, the said messages were either pre-scripted or pre-recorded.

15. Defendants have engaged in a pattern of leaving messages without disclosing that the communication is from a debt collector.

16. The said telephone messages are in violation of 15 U.S.C. §§ 1692e(10) and 1692e(11) for failing to indicate that the messages were from a debt collector. This constitutes a deceptive practice.

17. Upon information and belief, Plaintiff Roisy Yossef incurred an obligation with Chase Bank USA, N.A. for personal, family, or household purposes.

18. Defendant, Pride Acquisitions, LLC acquired Roisy Yossef's alleged obligation after it had gone into default.

19. Defendant, Pride Acquisitions, LLC placed Roisy Yossef's alleged obligation with Baker, Sanders, Barshay, Grossman, Fass, Muhlstock & Neuwirth, LLC for collection.

20. On or about December 30, 2011, Defendant Baker, Sanders, Barshay, Grossman, Fass, Muhlstock & Neuwirth, LLC on behalf of Pride Acquisitions, LLC sent or caused to be sent a letter to Plaintiff Roisy Yossef to collect on a debt allegedly originally due to Chase Bank USA, N.A, which is now allegedly due to Pride Acquisitions, LLC.

21. Said letter includes a statement which states in pertinent part: "Please note that interest is continuing to accrue against your principal at 29.99% from 03/31/2010."

22. The letter shows both an "Alleged Principal" balance without the "accrued interest" as well as an "Alleged Current Balance" that includes the "accrued interest".
New York General Obligation Law § 5-501 states that the "rate of interest ... upon the loan or forbearance of any money, goods, or things in action ... shall be six per centum per annum unless a different rate is prescribed in section fourteen-a of the banking law."

Section 14-a(1) of New York's Banking Law, in turn, provides that "[t]he maximum rate of interest provided for in section 5-501 of the general obligations law shall be sixteen per centum per annum."

New York Penal Law § 190.40 states that a "person is guilty of criminal usury in the second degree when, not being authorized or permitted by law to do so, he knowingly charges, takes or receives any money or other property as interest on the loan or forbearance of any money or other property, at a rate exceeding twenty-five per centum per annum or the equivalent rate for a longer or shorter period." Criminal usury in the second degree is a class E felony.

New York General Obligations Law § 5-511 provides that, subject to exceptions not applicable in the instant case (e.g. certain shipping-related loans, and loans made by a "savings bank, a savings and loan association or a federal savings and loan association, contracts which provide for payments greater than that authorized by New York General Obligations Law § 5-501 are void".

23. Although case law interpreting usury in New York has permitted creditors to collect post default interest at rates in excess of sixteen per centum per annum, the courts of New York have even limited creditors who are collecting defaulted debts to New York's twenty five per centum per annum criminal usury rate.

24. Although the original creditor, Chase Bank USA, N.A. is exempt from New York's usury laws pursuant to the National Banking Act, 12 U.S.C. § 85, the Defendants are not national banks, and are not exempt.

25. Moreover, a non-national bank assignee does not obtain the benefit of the federal

-4-

exemption under New York law. *See, e.g.* New York General Obligations Law, § 13-105, which states in relevant part that "Where a claim or demand can be transferred, the transfer thereof passes an interest, which the transferee may enforce by an action or special proceeding, or interpose as a defense or counter-claim, in his own name, as the transferrer might have done; subject to any defense or counter-claim, existing against the transferrer, before notice of the transfer, or against the transferee. But this section does not apply, where the rights or liabilities of a party to a claim or demand, which is transferred, are regulated by special provision of law" (emphasis added).

26. It is the standard practice and policy of Defendants to charge, collect and attempt to collect interest in excess of the interest rate set by New York's usury laws, inter alia, by means of communications such as the said letter, that falsely state that the interest rate for an account is higher than the maximum amount that can be charged under New York's usury laws, and that incorrectly calculate the "current balance" on the basis of the higher, unlawful interest rate.

27. It is the standard practice and policy of the Defendants to falsely represent the character, amount, or legal status of the debt by stating in its written communications with debtors, that the interest rate for an account is higher than the maximum interest rate allowed by New York's usury laws, and by calculating the "current balance" on the basis of the higher, unlawful interest rate.

28. It is the standard practice and policy of Defendants to threaten to take action that cannot legally be taken or that is not intended to be taken, *i.e.* charging interest in excess of the maximum interest rate allowed by New York's usury laws.

29. It is the standard practice and policy of Defendants to collect or attempt to collect interest at a rate higher than permitted by law.

30. Defendants violated 15 U.S.C. §§ 1692e and 1692f of the FDCPA by charging, collecting and/or seeking to collect interest at a usurious rate from Plaintiff and the other class members by means of collection letters such as the above said letter. Specifically, and without limitation, the collection letter in question: (a) falsely represents the character, amount, or legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A); (b) takes or threatens to take action that cannot legally be taken or that is not intended to be taken (i.e. the charging and collection of usurious amounts) in violation of 15 U.S.C. § 1692e(5); (c) constitutes a false and deceptive method of collecting or attempting to collect a debt in violation of 15 U.S.C. § 1692e(10); and (d) constitutes an attempt to collect interest not expressly authorized by any agreement between consumers and Defendants, or permitted by law, in violation of 15 U.S.C. § 1692f(I).

31. Defendants violated N.Y. GOL § 5-501 et seq. by charging, collecting and/or attempting to collect interest of 29.99% per annum, which is in excess of both the civil usury limit of 16% set forth in New York General Obligation Law § 5-501, New York's Banking Law § 14-a(1), and New York's criminal usury limit of 25% (N.Y. Penal Law § 190.40)).

32. Defendant's said December 30, 2011 collection letter communicated to the least sophisticated consumer that the communication came from a law firm in a practical sense violating 15 U.S.C. § 1692e(3).

Reade-Alvarez v. Eltman, Eltman & Cooper, P.C., 369 F. Supp. 2d 353, 2005 U.S. Dist. LEXIS 8472 (E.D.N.Y. 2005) (computer generated "mass mailing" of tax season

settlement letter on a law firm letterhead lacking any disclaimer and without an attorney conducting any meaningful review states a claim for relief under 15 U.S.C. § 1692e(3). *See also:* Suquilanda v. Cohen & Slamowitz, LLP, 2011 U.S. Dist. LEXIS 102727 (S.D.N.Y. Sept. 7, 2011); Cordes v. Frederick J. Hanna & Assocs., P.C., 789 F. Supp. 2d 1173, 2011 U.S. Dist. LEXIS 61222 (D. Minn. 2011).

33. The FDCPA prohibits the use of any "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. It enumerates a non-exhaustive list of sixteen debt-collection practices that run afoul of this proscription, including "the false representation or implication that [a] communication is from an attorney." *Id.* § 1692e(3).

    The Second circuit in Clomon v. Jackson, 988 F.2d 1314, 1320-21 (2d Cir. 1993), has held that a debt-collection letter from a law firm or lawyer violates 15 U.S.C. § 1692e(3) if an attorney was not "directly and personally involved" with the debtor's account, such as by reviewing the debtor's file before the letter was sent. *See also:* Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232, 1237-38 (5th Cir. 1997); Avila v. Rubin, 84 F.3d 222, 229 (7th Cir. 1996); Martsolf v. JBC Legal Grp., P.C., No. 1:04-CV-1346, 2008 WL 275719, at *7 (M.D. Pa. Jan. 30, 2008); Sonmore v. Checkrite Recovery Servs., Inc., 187 F. Supp. 2d 1128, 1133 (D. Minn. 2001) (Alsop, J.). Furthermore, "absent any disclaimer and without an attorney conducting any meaningful review using a "Law Office" letterhead states a claim for relief under 15 U.S.C. § 1692e(3)". Suquilanda v. Cohen & Slamowitz LLP., No. 1:10-cv-05868 (S.D.N.Y. SEP 08, 2011).

34. The Second Circuit confronted similar facts in *Clomon*. There, the attorney Defendant

-7-

approved the form of dunning letters sent by a collection agency and also "approved the procedures according to which th[e] letters were sent. *Id.* 988 F.2d at 1317. He did not have any specific involvement with each debtor's account such as reviewing the debtor's file or the particular letter being mailed. *Id.* The Second Circuit concluded that the challenged letters, despite bearing the Defendant attorney's signature, violated 15 U.S.C. § 1692e(3) because although the term "from" an attorney was used, they "were not literally `from' [him] in any meaningful sense of that word." *Id.* at 1320; accord, *e.g.*, Avila, 84 F.3d at 229. The same result is obtained in the present case.

35. Although Baker, Sanders, Barshay, Grossman, Fass, Muhlstock & Neuwirth, LLC may technically be a law firm, it was not acting in the capacity of a law firm with respect to the said letters. The inclusion of "Attorneys and Counselors at Law" is therefore materially deceptive and misleading in that it communicates to the least sophisticated consumer that the communication came from a law firm in a practical sense, when it did not.

36. If Baker, Sanders, Barshay, Grossman, Fass, Muhlstock & Neuwirth, LLC desires to take advantage of the additional collection leverage provided by the use of a law firm's name in connection with purely debt-collection related activities, it is free to do so under the law of the Second Circuit so long as its each and every one of its standardized communications including letters and voice mail messages do not give the least sophisticated consumer the impression that the communications are from an attorney or law firm in the practical sense. *See e.g.* Clomon v Jackson, 988 F2d 1314, 1320 (2d Cir. 1993); Gonzalez v. Kay, 577 F.3d 600 (5th Cir. 2009) ("Debt collectors acting solely as

debt collectors must not send the message that a lawyer is involved, because this deceptively sends the message that the 'price of poker has gone up."); Sparkman v. Zwicker & Assocs., P.C., 374 F. Supp. 2d 293 (E.D.N.Y.2005) (The court found that the collector's letter with text on the front and back regarding attorney involvement was confusing to the least sophisticated consumer and violated § 1692e); Suquilanda v. Cohen & Slamowitz, LLP No. 1:10-cv-05868 (S.D.N.Y. SEP 08, 2011) ("Absent any disclaimer and without an attorney conducting any meaningful review, using a "Law Office" letterhead states a claim for relief under Section 1692e(3)").

37. On or about December 30, 2011, Defendant printed and mailed, or caused to be printed and mailed, a letter to the Plaintiff in an effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due an original creditor other than Defendants and which Defendants acquired after such obligation or alleged obligation was charged-off or was in default. A true and correct copy of Defendant's communication is attached hereto.

38. Defendant, as a matter of pattern and practice, mail letters, or cause the mailing of letters, to debtors using language substantially similar or materially identical to that utilized by Defendant in mailing the above-cited letter to Plaintiff.

39. Defendant mails, or causes the mailing of, thousands of collection letters similar to the one sent to Plaintiff without conducting any meaningful review of the accounts.

40. The letters that the Defendant mails, or causes to be mailed, are produced by Defendant's concerted efforts and integrated or shared technologies including computer programs, mailing houses, and electronic databases.

41. The said letter is a standardized form letter.

42. Defendant violated 15 U.S.C. §§ 1692e, 1692e(3), 1692e(10) for indicating that the communication came from a law firm in a practical sense and for failing to qualify that the debt had not been reviewed by an attorney.

43. The Defendant, a foreign LLC, filed an application for authority to do business in New York with the New York Department of State on a date better known to the Defendant. The Department of Corporations in New York confirmed that as of July 10, 2012, Baker, Sanders, Barshay, Grossman, Fass, Muhlstock & Neuwirth, LLC has not filed any affidavits or Certificate of Publication which leads them to be suspended from doing business in New York.

44. Foreign LLC's are required to publish their formation, and file proof of publication of their LLC within 120 days of the filing of their Application for Authority.

45. At the time of Plaintiff's commencement of the action against Defendant, Defendant has failed to publish, and has failed to file any Certificate of Publication and/or failed to file any sort of proof or affidavit of publication, as required by law. Pursuant to the New York Limited Liability Company Law, failure to file the Certificate of Publication results in the suspension of authority to do business in New York State, and a prohibition of bringing any legal proceedings within New York State during the period of noncompliance.

46. At the time of Plaintiff's commencement of the action against Defendant, Defendant's authority to do business had been suspended.

47. During the period of noncompliance and at the time of the mailing of the collection

letters, Defendants authority to conduct business in New York State was prohibited.

48. The least sophisticated consumer is unlikely to search and/or have the ability or knowledge to search Department of State records to determine whether Defendant's authority to do business is suspended.

49. Doing business in New York when Defendant's authority to do business had been suspended violates 15 U.S.C. §§ 1692, 1692e, 1692e(2)(a), 1692e(5), 1692e(10), and 1692f.

Section 1692e provides in pertinent part: "a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (2) The false representation of (A) the character, amount, or legal status of any debt; and (10) the use of any false representation or deceptive means to collect or attempt to collect any debt. Furthermore, "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt". 15 U.S.C. § 1692f.

50. Defendant violated the above provisions of the statutes because they had no authority and/or right to collect this debt.

51. Defendant's activities in collecting this debt were deceptive, misleading, and unlawful.

52. Defendant's collection techniques involved asking consumers to pay debts when they had no legal ability to ask for payment.

53. Defendant did not inform the consumer that the debt owed was to a Defendant which had no authority to do business in New York and that Defendant had no right to collect any money within the State of New York.

54. Any judgment obtained during Defendant's period of noncompliance is a nullity and of no legal force or effect.

55. The conduct of Defendant in collecting and/or attempting to collect monies owed when it was not allowed to collect and/or attempt to collect pursuant to the New York Limited Liability Law constitutes deceptive or materially misleading activity that is directed at consumers and the public at large.

56. As a result of the unlawful collection activity which the Defendants have engaged in, Plaintiff is entitled to damages pursuant to GBL § 349.

## AS AND FOR A FIRST CAUSE OF ACTION

### *Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of herself and the members of a class, as against the Defendants.*

57. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through fifty-six (56) as if set forth fully in this cause of action.

58. This cause of action is brought on behalf of Plaintiff and the members of four classes.

59. Class A consists of all persons: (a) whom Defendant's records reflect resided within the State of New York who received telephonic messages from Defendant within one year prior to the date of the within complaint up to and including the date of the filing of this Complaint; (b) involving telephone messages which were placed without setting forth that the communication was from a debt collector; and (c) that the telephone messages were in violation of 15 U.S.C. §§ 1692e(10) and 1692e(11).

60. Class B consists of all persons: (a) whom Defendants' records reflect resided in the State of New York and who received collection letters from Defendants' representatives within

-12-

one year prior to the date of the within complaint up to the date of the filing of the complaint; (b) the collection letter(s) was sent to a consumer seeking payment of a consumer debt; (c) the letter was sent seeking payment of an alleged debt and was not returned or undelivered by the post office; and (d) that the message contained violations of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(10), 1692f, and 1692f(I) for charging interest in excess of sixteen per centum per annum.

61. Class C consists of all persons: (a) whom Defendant's records reflect resided in the State of New York and who received collection letters from Defendant's representatives within one year prior to the date of the within complaint up to the date of the filing of the complaint; (b) the collection letter(s) was sent to a consumer seeking payment of a consumer debt; (c) that the collection letter(s) used an attorney letterhead which represented that the letter was sent from a law firm in a practical sense but which failed to qualify that the debt had not been reviewed by an attorney; (d) the letter was sent seeking the payment of an alleged debt and was not returned or undelivered by the post office; and (e) that the message contained violations of 15 U.S.C. §§ 1692e, 1692e(3), and 1692e(10).

62. Class D consists of all persons: (a) whom Defendant's records reflect resided in the State of New York and who were sent a collection letter bearing the Defendant's letterhead in substantially the same form as the letter sent to the Plaintiff within one year prior to the date of the within complaint; (b) the collection letter was sent to a consumer seeking payment of a consumer debt; (c) the collection letter was not returned by the postal service as undelivered; and (d) the letter contained violations of 15 U.S.C. §§ 1692,

-13-

1692e, 1692e(2)(a), 1692e(5), 1692e(10), and 1692f, for doing business when its authority to conduct business within the State of New York had been suspended.

63. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   (a) Based on the fact that form telephonic messages and a form collection letter are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

   (b) There are questions of law and fact common to the class and these questions predominate over any question(s) affecting only individual class members. The principal question presented by this claim is whether the Defendants violated the FDCPA.

   (c) The only individual issue involves the identification of the consumers who received such telephonic messages and collection letters (*i.e.* the class members). This is purely a matter capable of ministerial determination from the records of the Defendants.

   (d) The claims of the Plaintiff are typical of those of the class members. All of the respective class claims are based on substantially similar facts and legal theories.

   (e) The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

64. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

65. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

66. Collection attempts, such as those made by the Defendants are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

67. The Defendants' actions as set forth above in the within Complaint violate the Fair Debt Collection Practices Act.

68. The Defendants violation of the Fair Debt Collection Practices Act entitles the Plaintiff and the members of the class to damages in accordance with the Fair Debt Collection Practices Act.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in Plaintiff's favor and against the Defendants and award damages as follows:

    (a)    Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k); and

(b)    Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c)    Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Brooklyn, New York
July 12, 2012

_____
Maxim Maximov, Esq.
Attorneys for the Plaintiff
Maxim Maximov, LLP
1600 Avenue M, 2nd Floor
Brooklyn, New York 11230
Office: (718) 395-3459
Facsimile: (718) 408-9570
Mobile: (718) 772-3954
E-mail: mmaximov@mmaximov.com

_____
Hashim Rahman, Esq.
Principal Trial Counsel
155 Water Street
Brooklyn, New York 11201
Office: (347) 433-6139
Facsimile: (347) 382-9457
Mobile: (914) 584-7183
E-mail: hrahman@rahmanlegal.com

Plaintiff requests trial by jury on all issues so triable.

_____
Maxim Maximov, Esq.
Hashim Rahman, Esq.

**BAKER, SANDERS, BARSHAY, GROSSMAN, FASS, MUHLSTOCK & NEUWIRTH, LLC**
Attorneys and Counselors at Law
100 Garden City Plaza, Suite 500
Garden City, New York 11530
NYC DCA LIC# 1282534
Tel: (516) 577-9770    Fax: (516) 741-2107
**TOLL FREE TEL.: (877) 741-7370**

December 30, 2011

| | | | |
|---|---|---|---|
| RE: Alleged Creditor: | PRIDE ACQUISITIONS LLC | Alleged Principal: | $ 53,588.09 |
| Original Creditor: | CHASE BANK USA, N.A. | Alleged Interest: | $ 28,407.50 |
| Alleged Debtor(s): | ROISY YOSSEF | Total Credits | $ 0.00 |
| | | Alleged Current Balance Due*: | $ 81,995.59 |
| Account No.: | 5466042010428694 | Our File No.: | 1026646 |

Dear Sir or Madam:

Please be advised that the Law Firm of BAKER, SANDERS, BARSHAY, GROSSMAN, FASS, MUHLSTOCK & NEUWIRTH, LLC represents the party seeking payment on your unpaid account stated above. The above-named Alleged Creditor purchased your account from the Original Creditor named above, and referred the account for collection to BAKER, SANDERS, BARSHAY, GROSSMAN, FASS, MUHLSTOCK & NEUWIRTH, LLC.

Please forward payment of the Alleged Balance Due to this office by check or money order payable to BAKER, SANDERS, BARSHAY, GROSSMAN, FASS, MUHLSTOCK & NEUWIRTH, LLC, as attorney, and write our File Number on your check or money order. Please mail the payment to us at 100 Garden City Plaza, Suite 500, Garden City, New York 11530. There are other methods of payment that we can accept, including Western Union, MasterCard and Visa, and payment plans tailored to your specific needs are available.

If you have any questions, please contact our office at the Toll Free number (877) 741-7370 to speak to Aaron Gilbride, your Account Representative, who is not an Attorney.

IF YOU HAVE A LAWYER WHO IS REPRESENTING YOU IN REGARD TO THIS ACCOUNT, PLEASE GIVE THIS LETTER TO YOUR LAWYER AND DO NOT CONTACT US WITHOUT YOUR LAWYER'S PERMISSION. PLEASE HAVE YOUR LAWYER CONTACT US

* *Please note that interest is continuing to accrue against your principal at 29.99% from 03/31/2010.*

The following Validation Notice does not apply to businesses.

**VALIDATION NOTICE**

*This communication from a debt collector is an attempt to collect a debt and any information obtained will be used for this purpose. Unless you dispute the validity of this debt or any portion thereof within 30 days after you receive this notice, we will assume this debt to be valid. If you notify us in writing within 30 days after receipt of this notice of a dispute, we will obtain and forward to you verification of the debt, or if the debt is founded upon a judgment, a copy of judgment. If the original creditor is different from the creditor named above, then upon your written request within 30 days of the receipt of this notice, we will provide you with the name and address of the creditor.*

*Lynn H. Quick*

BAKER, SANDERS, BARSHAY, GROSSMAN, FASS, MUHLSTOCK & NEUWIRTH, LLC
By: Lynn H. Quick, Esq.

ROISY YOSSEF
320 ROEBLING ST UNIT 509,
BROOKLYN, NY 11211-6262

••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••
**PLEASE TEAR OFF AND ENCLOSE WITH YOUR PAYMENT**

ROISY YOSSEF
320 ROEBLING ST UNIT 509,
BROOKLYN, NY 11211-6262
File # 1026646

ACCOUNT NO.: 5466042010428694
Alleged Balance Due: $ 81,995.59
AMOUNT ENCLOSED:$_____
PAYABLE TO BAKER, SANDERS, BARSHAY, GROSSMAN,
FASS, MUHLSTOCK & NEUWIRTH, LLC

BAKER, SANDERS, BARSHAY, GROSSMAN, FASS,
MUHLSTOCK & NEUWIRTH, LLC
Attorneys and Counselors at Law
100 Garden City Plaza, Suite 500
Garden City, New York 11530

You can contact me or leave messages for me at:
Telephone Number:_____
Email Address:_____
Signature_____
Date_____

**BAKER, SANDERS, BARSHAY, GROSSMAN, FASS, MUHLSTOCK & NEUWIRTH, LLC**
Attorneys and Counselors at Law
100 Garden City Plaza, Suite 500
Garden City, New York 11530
NYC DCA LIC# 1282534
Tel: (516) 577-9770   Fax: (516) 741-2107
**TOLL FREE TEL.: (877) 741-7370**

December 30, 2011

| | | | |
|---|---|---|---|
| RE: Alleged Creditor: | PRIDE ACQUISITIONS LLC | Alleged Principal: | $ 53,588.09 |
| Original Creditor: | CHASE BANK USA, N.A. | Alleged Interest: | $ 28,407.50 |
| Alleged Debtor(s): | ROISY YOSSEF | Total Credits | $ 0.00 |
| | | Alleged Current Balance Due*: | $ 81,995.59 |
| Account No.: | 5466042010428694 | Our File No.: | 1026646 |

Dear Sir or Madam:

Please be advised that the Law Firm of BAKER, SANDERS, BARSHAY, GROSSMAN, FASS, MUHLSTOCK & NEUWIRTH, LLC represents the party seeking payment on your unpaid account stated above. The above-named Alleged Creditor purchased your account from the Original Creditor named above, and referred the account for collection to BAKER, SANDERS, BARSHAY, GROSSMAN, FASS, MUHLSTOCK & NEUWIRTH, LLC.

Please forward payment of the Alleged Balance Due to this office by check or money order payable to BAKER, SANDERS, BARSHAY, GROSSMAN, FASS, MUHLSTOCK & NEUWIRTH, LLC, as attorney, and write our File Number on your check or money order. Please mail the payment to us at 100 Garden City Plaza, Suite 500, Garden City, New York 11530. There are other methods of payment that we can accept, including Western Union, MasterCard and Visa, and payment plans tailored to your specific needs are available.

If you have any questions, please contact our office at the Toll Free number (877) 741-7370 to speak to Aaron Gilbride, your Account Representative, who is not an Attorney.

IF YOU HAVE A LAWYER WHO IS REPRESENTING YOU IN REGARD TO THIS ACCOUNT, PLEASE GIVE THIS LETTER TO YOUR LAWYER AND DO NOT CONTACT US WITHOUT YOUR LAWYER'S PERMISSION. PLEASE HAVE YOUR LAWYER CONTACT US.

* *Please note that interest is continuing to accrue against your principal at 29.99% from 03/31/2010.*

The following Validation Notice does not apply to businesses.

**VALIDATION NOTICE**

*This communication from a debt collector is an attempt to collect a debt and any information obtained will be used for this purpose. Unless you dispute the validity of this debt or any portion thereof within 30 days after you receive this notice, we will assume this debt to be valid. If you notify us in writing within 30 days after receipt of this notice of a dispute, we will obtain and forward to you verification of the debt, or if the debt is founded upon a judgment, a copy of judgment. If the original creditor is different from the creditor named above, then upon your written request within 30 days of the receipt of this notice, we will provide you with the name and address of the creditor.*

*Lynn H. Quick*

BAKER, SANDERS, BARSHAY, GROSSMAN, FASS,
MUHLSTOCK & NEUWIRTH, LLC
By: Lynn H. Quick, Esq.

ROISY YOSSEF
320 ROEBLING ST UNIT 509,
BROOKLYN, NY 11211-6262

························· PLEASE TEAR OFF AND ENCLOSE WITH YOUR PAYMENT ························

| | |
|---|---|
| ROISY YOSSEF | ACCOUNT NO.: 5466042010428694 |
| 320 ROEBLING ST UNIT 509, | Alleged Balance Due: $ 81,995.59 |
| BROOKLYN, NY 11211-6262 | AMOUNT ENCLOSED:$_____ |
| File # 1026646 | PAYABLE TO BAKER, SANDERS, BARSHAY, GROSSMAN, FASS, MUHLSTOCK & NEUWIRTH, LLC |

| | |
|---|---|
| BAKER, SANDERS, BARSHAY, GROSSMAN, FASS, MUHLSTOCK & NEUWIRTH, LLC | You can contact me or leave messages for me at: |
| Attorneys and Counselors at Law | Telephone Number:_____ |
| 100 Garden City Plaza, Suite 500 | Email Address:_____ |
| Garden City, New York 11530 | Signature_____ |
| | Date_____ |