## MAXIM MAXIMOV, LLP
ATTORNEYS AT LAW

1600 AVE M • SECOND FLOOR
BROOKLYN • NEW YORK • 11230

EMAIL MMAXIMOV@MMAXIMOV.COM
TELEPHONE (718) 395-3459
FAX (718) 408-9570

November 29, 2012

**VIA ECF**
The Honorable Judge Sandra L. Townes
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**RE: <u>Yossef v. Bakers, Sanders, Barshay, Grossman, Fass, Muhlstock & Neuwirth, L.L.C. et al
 1:12-cv-03558-SLT-SMG</u>**

Dear Judge Townes:

    I represent the plaintiff in the above referenced matter. The defendant filed a request for a pre-motion conference pursuant to Your Honor's Individual Motion Practices & Rules, Section III A. One of the reasons courts mandate the filing of a request for a pre-motion conference by letter is to see if there is any merit to such a motion. Although a District Court may not bar a party from filing a motion, however, if it is clear from the letter that no relief may be obtained or where the letter contains irreconcilable or clearly inconsistent statements , the court may in the interest of a useful expenditure of the parties' time construe a pre-motion letter as a motion and act on it, without affording the moving party any opportunity to file additional papers.

    In <u>*Best Payphones, Inc. v. Manhattan Telecommc'ns Corp.,*</u> 2011 U.S. App. LEXIS 23528 (2d Cir. Nov. 23, 2011) the Second Circuit stated "**Here, however, the district court did not explicitly deny the request for a pre-motion conference. Rather, the court appears to have construed the Pre-Motion Letter as the motion itself …. In this Circuit, district judges have, in some cases, construed pre-motion letters as the motions themselves and denied the motions.** Although the Pre-Motion Letter requested a pre-motion conference, and was styled as a letter rather than as a motion, the letter consisted of seven single-spaced pages laying out several claimed "irreconcilable or clearly inconsistent statements made by Appellee's counsel." …. **Given the length and detail of the Pre-motion Letter and responses, and the clear lack of merit of the … argument, the district court did not abuse its discretion in construing the letter as a motion and denying the motion.** (Emphasis added)

In this case, even if the plaintiff does not respond to the defendant's letter for a pre-motion conference or for that matter even if the plaintiff does not respond to the actual motion to dismiss the court would still deny the motion to dismiss since the court will weigh the motion to dismiss against the allegations in the complaint.

    "When deciding a motion to dismiss pursuant to Rule 12(b)(6), the court must accept the material facts alleged in the complaint as true, draw all reasonable inferences in favor of the plaintiff and decide whether the plaintiffs have pled a plausible claim for relief. The appropriate inquiry is not whether a plaintiff is likely to prevail, but whether the plaintiff is entitled to offer evidence to support her claims. When deciding a motion to dismiss, a complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). In addition, the court must give plaintiff's claims "a liberal construction." <u>Palkovic v. Johnson,</u> 281 Fed. Appx. 63, 2008 U.S. App. LEXIS 12600 (2d Cir. 2008); <u>Johnson v. New York City Transit Auth.,</u> 639 F. Supp. 887, 891 (E.D.N.Y. 1986) (citing Haines v. Kerner. 404 U.S. 519, 520-21, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)). aff'd

in part and vacated in part on other grounds, 823 F.2d 31 (2d Cir. 1987).

In this case after filing an answer to the complaint the defendant served plaintiff with a Rule 68 Offer of Judgment, in the amount of $ 1,001.00 - the maximum amount of statutory damages available to a plaintiff under the FDCPA **if she were not seeking actual damages** -. Plaintiff did not respond to the offer, thereby effectively denying it.

The defendants now seek to dismiss claiming that since the defendants served plaintiff with an "Offer of Judgment pursuant to Federal Rule of Civil Procedure Rule 68, in the amount of $1,001.00, plus the recovery of reasonable attorney's fees and costs. Plaintiff has not responded to the Offer of Judgment. As the Offer of Judgment exceeds the maximum recovery available to plaintiff under the FDCPA, plaintiff's case is mooted, thereby divesting this Honorable Court of subject matter jurisdiction herein."

Defendant's letter makes absolutely no mention of the fact that in the complaint the plaintiff and the class members allege that they currently have **actual damages** for all illegal amounts[1] which were charged and collected from the plaintiff and the class members by the defendant. In fact, defendant fails to even mention that the plaintiff has alleged **actual damages**.[2]

> In *Shepherd v. Law Offices of Cohen & Slamowitz, LLP,* 668 F. Supp. 2d 579, 2009 U.S. Dist. LEXIS 100952 (S.D.N.Y. 2009) the court stated that "In this case, defendant was confronted with a complaint containing not one, but three causes of action. Defendant's offer of judgment was, by its own admission, for the maximum amount that it believed the plaintiff was authorized to recover on just one of those three causes of action: the sum of $ 1,000. But the offer of judgment did not say that it was an offer only on the First Cause of Action; Defendant endeavors to suggest that the offer was intended to apply only to plaintiff's FDCPA claim, but that is not what the offer says, and it is the written terms of the offer that control, not defendant's post-hoc characterization of what it meant. By its terms, the $ 1,000 figure "…includes ***all amounts that might otherwise be recovered by plaintiff*** for any pre-judgment interest, penalties and damages of any nature, including statutory, actual, treble, punitive or exemplary damages." (Emphasis in the original). The only exception carved out on the face of the offer is costs and attorneys' fees …. It is too late to amend the offer, and any amendment defendant might wish to make certainly cannot be accomplished in a brief in support of a motion for summary judgment. ..... <u>Here, plaintiff asserts that she sustained actual damages. It says so in her complaint, which I presume (perhaps wrongly) the defendant law firm and its counsel have read. So $ 1,000 is not the limit of her maximum possible recovery on her FDCPA claim, and an offer of judgment in the amount of maximum additional damages is plainly insufficient to moot that FDCPA claim. ***There is no way this court would, could or should compel plaintiff to accept that offer***</u>......."

The court concluded:

**<u>"Defendant's motion is so patently meritless that it should never have been made. It has wasted the court's time and wasted the time of counsel for Mrs. Shepherd. The court will award attorneys' fees to plaintiff on this motion, as a sanction for its utter frivolousness. We will settle all matters relating to attorneys' fees after the case has been tried, so plaintiff need not submit a fee affidavit relating only to this motion now."</u>** (Emphasis added)

Here, the plaintiff asserts that she sustained actual damages. It says so in her complaint. So $ 1,000 is not the limit of her maximum possible recovery on her FDCPA claim, and an offer of judgment in the amount of maximum additional damages is plainly insufficient to moot that FDCPA claim. Furthermore, as the *Shepherd* court stated

---

1  The complaint asks for actual damages and alleges *inter alia* that the Defendants violated N.Y. GOL §5-501 et seq by charging, and collecting interest of 29.99% per annum, which is in excess of both the civil usury limit of 16% [set forth in New York General Obligation Law § 5-501 and New York's Banking Law § 14-a(1)] and New York's criminal usury limit of 25% (N.Y. Penal Law § 190.40).

2  Plaintiff would agree that any assessment of the record with regard to exact amount of damages prior to depositions and discovery is premature. *Hellstrom v. United Stated Dep't of Veteran's Affairs,* 201 F.3d 94, 97 (2d Cir. 2000); *Miller v. Wolpoff & Abramson. L.L.P.,* 321 F.3d 292, 303 (2d Cir. 2003).

"**There is no way this court would, could or should compel plaintiff to accept that offer**" (Emphasis added) Furthermore it is well settled in N.Y[3] when an offer of judgment comes very early[4] in the litigation and before a plaintiff can reasonably bring a motion to certify -- it is proper to apply the relation back exception even though no motion for class certification has yet been filed[5] and the plaintiff's claims ought not to be rendered moot by an offer of judgment submitted before counsel has a reasonable opportunity to compile a record necessary to support a motion for class certification[6]

Most importantly, the factual record in this case clearly shows that the plaintiff asserts that she sustained actual damages. Therefore the letter request for a pre-motion conference in this case is so patently meritless that it should never have been made. It has wasted the court's time and wasted the time of counsel for the plaintiff.  Given the clear lack of merit to the only argument the defendant has made in its letter the court should construe the defendant's letter as a motion to dismiss and deny the motion.

Very Truly Yours,<br/>/s/<br/>Maxim Maximov, Esq.

---

[3]  McDowall v. Cogan, 216 F.R.D. 46, 2003 U.S. Dist. LEXIS 7927, 2003 WL 21079615, at *5 (E.D.N.Y. May 12, 2003) ( Holding offer of judgment to named plaintiff made before defendants had answered did not moot class claims and concluding that defendants should not be permitted "to force plaintiffs into hastily-drafted certification motions by making offers of judgment. Such a policy … would encourage a race to the courthouse between defendants armed with uniformed offers and plaintiffs with under-researched certification motions") Schaake v. Risk Mgmt. Alternatives, Inc., 203 F.R.D. 108, 110-12 (S.D.N.Y. 2001) The plaintiff filed a class action complaint alleging violations of the FDCPA seeking statutory damages. 203 F.R.D. at 109. Just thirty-two days later, the defendant made a Rule 68 offer for $ 1,000 and reasonable attorneys' fees before even submitting an answer. The court, in denying the motion to dismiss, reasoned that the offer came "well before plaintiff could be reasonably expected to file its class certification motion," as the record was incomplete and "class certification [was] merely awaiting the relevant discovery." According to the court, granting the motion to dismiss "would clearly hamper the sound administration of justice, by forcing a plaintiff to make a class certification motion before the record for such a motion is complete." Id. at 112. In effect, such a rule would permit defendants to circumvent Rule 23 and avoid full liability. Id. The court also specifically distinguished Ambalu, as "the plaintiff therein never moved for class certification in nearly two years of litigation," whereas the plaintiff in Schaake "-- unlike the plaintiff in Ambalu -- has in no way run afoul of Rule 23 by failing to move for certification before the filing of the answer.) Eckert v. Equitable Life Assurance Soc. of the U. S., 227 F.R.D. 60, 63-64  (E.D.N.Y. 2005) (allowing a class action to continue after the individual plaintiff had settled his claims, and permitting new party to intervene even though no class motion had been filed because the plaintiff "did not have a realistic and reasonable opportunity to move for class certification" where the defendant had not yet filed its answer). Nasca v. GC Servs. Ltd., 2002 U.S. Dist. LEXIS 16992, No. 01 Civ. 10127, 2002 WL 31040647 (S.D.N.Y. Sept. 12, 2002), (The defendant offered statutory damages to the named plaintiff four months after the FDCPA class action complaint was filed. Ten days after making the Rule 68 offer, the defendant filed a motion to compel acceptance of the offer and dismiss the case as moot. The court denied the motion holding that the plaintiff "had not yet had a reasonable opportunity to file a motion for certification" as the offer was made only two months after the answer was filed and one month after the initial conference.) Vega v. Credit Bureau Enters., 2003 U.S. Dist. LEXIS 11539, 2003 WL 21544258 (E.D.N.Y. July 9, 2003) (Following *McDowall,Nasca,White* and *Schaake* and holding that "the Credit Bureau submitted the Offer approximately three months after the complaint was filed. Defendant argues that Vega had a reasonable opportunity to move for class certification during this three month period. However, because of discovery disputes, the record necessary for a certification motion had not been completed at the time defendant submitted the Offer. Plaintiff's claims ought not to be rendered moot by an offer of judgment submitted before counsel has a reasonable opportunity to compile a record necessary to support a motion for class certification) White v. OSI Collection Servs., 2001 U.S. Dist. LEXIS 19879, No. 01 Civ. 1343, 2001 WL 1590518 (E.D.N.Y. Nov. 5, 2001),  Morgan v. Account Collection Tech., LLC, 2006 U.S. Dist. LEXIS 64528, 2006 WL 2597865 (S.D.N.Y. Aug. 29, 2006)

[4]  Additionally, the defendant cites *Greif* and fails to mention that the court in *Greif* stated "**While the Court acknowledges that a strategic tender of a Rule 68 offer very early in the litigation has the effect of "buying off" a plaintiff before a motion for certification can be made, the Court notes that nearly 20 months have elapsed since the plaintiff commenced this action. Greif has yet to file a motion for certification. Notably, the plaintiff does not indicate that she was prevented from commencing discovery or moving for class certification** .*Greif v. Wilson, Elser, Moskowitz, Edelman & Dicker, LLP*, 258 F. Supp. 2d 157, 161, 2003 U.S. Dist. LEXIS 6690 (E.D.N.Y. 2003)  The case in *Greif* was dealing with a 20 month delay prior to moving for class certification in this case the parties have not even had an initial conference yet nor has the plaintiff had time to engage in discovery or class certification rather the defendant just answered the complaint two months ago.

[5]  See White v. OSI Collection Servs., 2001 U.S. Dist. LEXIS 19879, No. 01 Civ. 1343, 2001 WL 1590518 (E.D.N.Y. Nov. 5, 2001). The plaintiff filed a class complaint seeking statutory damages for violations of the FDCPA. One day after filing the answer, the defendant made an offer of judgment for $ 2,000 plus costs and reasonable attorneys' fees. While no motion for certification had been filed prior to the offer of judgment, eighteen days after the offer was made the plaintiff requested a pre-motion conference, in accordance with the court's rules for class certification. The defendant moved the court to compel acceptance of the offer and dismiss the case under Rule 12(b)(1). In agreeing with the reasoning in Schaake, the court in White held that when an "offer of judgment comes very early in the litigation and before a plaintiff . . . can reasonably bring a motion to certify -- it is proper to apply the relation back exception even though no motion for class certification has yet been filed.

[6]  See, Morgan v. Account Collection Tech., LLC, 2006 U.S. Dist. LEXIS 64528, 2006 WL 2597865 (S.D.N.Y. Aug. 29, 2006)  Although the debtor had not yet moved for class certification, the court found that she had not engaged in undue delay based on the fact that the Rule 68 offer was made less than two months after the amended answers were filed and the debtor's contention that she was awaiting discovery regarding the number of putative class members and the collector's net worth, which was relevant in calculating FDCPA damages. Thus, under these circumstances, plaintiff's claims ought not to be rendered moot by an offer of judgment submitted before counsel has a reasonable opportunity to compile a record necessary to support a motion for class certification.